IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SUSAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-297-RAH |
| | ) | (WO) |
| OFFICE OF THE ATTORNEY | ) | |
| GENERAL STATE OF ALABAMA, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

On August 14, 2020, Defendants filed their Bill of Costs (Bill) (Doc. 67), seeking to tax the total amount of $9,113.23.  (Doc. 67.)  Plaintiff has filed an objection in which she contests $3,297.98 of these costs.  (Doc. 72.) Plaintiff takes issue with three general categories of the Defendants' Bill: (a) deposition transcripts (Doc. 67 at 4-11), (b) printing costs (Doc. 67 at 13), and (c) copying costs (Doc. 67 at 15).

The Supreme Court of the United States has held that it is within a district court's discretion to refuse to tax costs against an unsuccessful party.  *See Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964).  Courts are bound by the limitations set forth in 28 U.S.C. § 1920, which provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Upon review of the Bill, Plaintiff's Objection, and Defendants' response, the Court will disallow the printing cost of $1,184.65 and the copy cost of $470.30.   All other costs will be permitted.

1.   Defendants' Deposition Transcript Costs are Taxable

Defendants seek $7,458.28 for costs associated with obtaining deposition transcripts in this case. Plaintiff's objection to $1,643.03 of that amount unfolds in two parts, which this Court considers in turn.

a.   General Transcript Costs are Taxable

Where deposition costs are concerned, Plaintiff first takes issue with several items listed on the transcript invoices, including costs for condensed transcripts, exhibit copies, hard copies, color copies, depo disks, read and signs, and shipping.

(*See* Doc. 67 at 4-11.)[1]  Plaintiff's argument against these costs is simple: she contends they were incurred for attorney convenience rather than case necessity. As noted above, this focus on convenience stems from the language of 28 U.S.C. § 1920(2), which provides that costs are only recoverable where they are "necessarily obtained for use in the case."

"Taxation of deposition costs is authorized by § 1920(2)." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("Though 1920(2) does not specifically mention a deposition, ... depositions are included by implication in the phrase 'stenographic transcript.'"). However, deposition costs that are "incurred for convenience, to aid in a more thorough preparation of the case, or for purpose of investigation only" are not recoverable. *Id*. Furthermore, in the Middle District of Alabama, "after the Plaintiff objects, the onus is on the Defendant to articulate why the Plaintiff's objection fails." *Kidd v. Mando Am. Corp*., 870 F. Supp. 2d 1297, 1299 (M.D. Ala. 2012).

As to the costs associated with obtaining condensed transcripts, exhibit copies, hard copies, color copies, depo disks, and read and signs, the Court is

---

[1] Plaintiff does not argue that Defendants obtained any of the depositions in this case unnecessarily. As a baseline, the Court recognizes that costs associated with depositions are only taxable where the deposition itself was "necessarily obtained." *See Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663, 666 (M.D. Ala. 1999). Here, that Plaintiff only objects to certain ancillary costs associated with the depositions leaves this Court to presume that each of the depositions taxed by Defendants was, in fact, necessary.

satisfied with Defendants' explanation that the costs for obtaining the transcripts in various formats were necessarily incurred in contemplation of filing dispositive motions electronically and in preparation for trial, which would require a separate hard copy format. This is in line with previously decided Middle District of Alabama cases in which the court found deposition costs for originals, travel transcripts, and shipping charges to be taxable. *See, e.g., Coleman v. Roadway Express*, 158 F. Supp. 2d 1304, 1310 (M.D. Ala. 2001). Indeed, costs for hard copies of exhibits, including color, costs for regular transcripts, disks, and condensed transcripts are routine and expected in virtually every case in which the parties anticipate filing or opposing dispositive motions. *See, e.g.*, *Kidd*, 870 F. Supp. 2d at 1299 (finding that the cost to copy exhibits was taxable); *Crouch v. Teledyne Cont'l Motors, Inc.*, No. CIV.A. 10-00072-KD-N, 2013 WL 203408, at *20 (S.D. Ala. Jan. 17, 2013) (finding costs for copies, color copies, copies of oversize documents, and photographs to be taxable). The Court thus concludes that these costs are properly taxable.

Plaintiff further cites cases from the Southern District of Florida to support her assertion that delivery and shipping fees are not compensable. *E.g., George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008). However, it is within this Court's discretion to award reasonable costs, including shipping costs, associated with depositions. *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985) ("[T]rial courts are accorded great

latitude in ascertaining taxable costs."); *George v. GTE Directories Corp.,* 114 F. Supp. 2d 1281, 1298 (M.D. Fla. 2000) (finding that postage for the mailing of transcripts was a reasonable cost associated with the deposition). Accordingly, this Court  finds that costs and fees for the delivery of transcripts are taxable.

### b.  Defendants' Expedited Transcript Cost is Taxable

Of the itemized transcript costs, Plaintiff takes particular issue with the cost associated with the expedited completion of the deposition of Charla Doucet. To this end, she inaccurately relies on *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207 (11th Cir. 2002). While true that the *Maris* court disagreed with the district court from a matter of general course, it nevertheless found that the district court did not abuse its discretion by taxing the expedited transcript cost given the case's length and complexity. *Id*. at 1225. In this case, too, the Court recognizes that its discretion is not unfettered and that a prevailing party must justify any request for costs that appear to exceed the bounds of necessity. *W&O, Inc.*, 213 F.3d at 620-21.

As it concerns the expedited transcript, Defendants have offered such a justification.  Defendants respond that a rushed transcript of Charla Doucet was unavoidable because the deposition took place on September 5, 2019, which was approximately three weeks before the summary judgment deadline of September 30, 2019. This Court agrees that the cost incurred under these facts can be taxed, especially when the transcript was filed with the Court as part of the dispositive

motion briefing. (Doc. 52-3.) *See Belcher v. Grand Reserve MGM, LLC*, No. 2:15-CV-834-KS-WC, 2019 WL 469900, at *4 (M.D. Ala. Feb. 6, 2019) (noting that the "necessarily obtained" inquiry is a factual question to be determined by the district court). In light of both the Eleventh Circuit's holding in *Maris* and Defendants' explanation, the expedited transcript cost will be permitted.

2. <u>Defendants' Printing Costs are Not Taxable</u>

Plaintiff's next objection is to the $1,184.65 printing cost. (*See* Doc. 67 at 13.) 28 U.S.C. § 1920(3) permits courts to tax printing costs. Further, § 1920(4) permits courts to tax items that fit within "either the category 'copies of paper' or the category 'exemplification.'" *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). The Eleventh Circuit has read "copies of paper" to mean "reproductions involving paper in its various forms." *Id*. Because printed reproductions easily fit in this description, this Court will evaluate Defendant's printing cost under the same framework it applies for copy costs. *See Denton v. DaimlerChrysler Corp.,* 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009) (applying the "necessarily obtained" inquiry to its determination of whether the prevailing party's printing cost was reasonable); *Franklin v. City of Moss Point, Mississippi*, No. 1:14-CV-422-HSO-JCG, 2016 WL 6104340, at *2 (S.D. Miss. May 3, 2016) (same).

"[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623. Further, a party wishing to be compensated for its copies or printing should itemize and explain those costs. *See Coleman,* 158 F. Supp. 2d at 1310 (finding copying costs are not reimbursable where party requesting costs is unable to itemize the purpose of the costs in response to objections); *Fogleman v. Arabian American Oil Co.*, 920 F.2d 278, 286 (5th Cir. 1991) ("While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation.").

Yet, Defendants present this cost without specifying what was printed, when, or why. Instead of itemizing this cost in their response to Plaintiff's objection, Defendants merely argue that their discovery production of 199,613 pages justifies their meager charge of $1,184.65.  (*See* Doc. 75 at 2.)  Notably, federal courts in Alabama have previously determined that an acceptable cost for necessary copies is $0.10 per page.  *See Crouch*, 2013 WL 203408, at *23.  It follows that only one printing of the produced documents, if in fact such a number of documents was actually printed, would result in a total cost of $19,961.00. While the cost of $1,184.65 in the context of a possible cost of $19,961.00 sounds gracious, Defendants' larger problem is their failure to contextualize the printing cost with any

particularity whatsoever. They do not relate the cost directly to the production of almost 200,000 pages of documents, the dispositive motion filing or, for that matter, any other phase of litigation or litigation activity.   Simply stating that the case involves almost 200,000 pages of documents does not satisfy the Defendants' burden, no matter how reasonable the cost may otherwise be. *See Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) ("A party seeking reimbursement for copying costs must present evidence 'regarding the documents copied including their use or intended use.'").   Accordingly, the Court concludes the printing cost is not taxable.

3.   Defendants' Copying Costs are Not Taxable

Plaintiff's final objection is to the $470.30 cost for copies. As stated previously, the prevailing party must make some demonstration that the copy cost asserted was necessarily incurred. *See Coleman,* 158 F.Supp.2d at 1310; *Jones v. Webb*, No. 6:09-CV-00074-LSC, 2013 WL 12250508, at *2 (N.D. Ala. Nov. 26, 2013). But here, Defendants merely state a cost for copies and scans without providing any itemized accounting or context.  (*See* Doc. 67 at 15.)  Like with the printing cost, Defendants provide no explanation, not even a general one, connecting the copies to any particular litigation activity. And instead of citing to any precedent that might allow this generalized cost, Defendants' counsel argues that she is an "old dog" who still relies on hard copies.  (*See* Doc. 75 at 2.) But young or old, that dog

still must hunt.  Therefore, this Court will disallow the $470.30 charge for copying and scanning.

In accordance with the foregoing, it is ORDERED that:

(1)  Plaintiff's Objection (Doc. 72) is SUSTAINED to the extent the Defendant's Bill of Costs (Doc. 67) seeks taxation of printing costs of $1,184.65 and copy costs of $470.30;

(2)  Plaintiff's Objection (Doc. 72) is OVERRULED to the extent it objects to any other aspect of the Defendants' Bill of Costs. (Doc. 67.)

(3)  Costs in the amount of $7,458.28 are taxed against Plaintiff, for which execution may issue.

**DONE**  this 6th day of October 2020.


　　　　　　／s/ R. Austin Huffaker, Jr.　　
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE